RECEIVED
IN ALEXANDRIA, LA.

AUG 28 2012

TONY R. MOORE, CLERK
BY: _____
     DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

JAMES TOWNSEND                    CIVIL ACTION NO. 1:12-CV-1000

VERSUS                            JUDGE DRELL

WARDEN                            MAGISTRATE JUDGE KIRK

### REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. §2254 filed by pro se Petitioner James Townsend (#339221) on April 24, 2012. Petitioner is an inmate in the custody of the Louisiana Department of Corrections (DOC) and he is incarcerated at the Winn Correctional Center in Winnfield, Louisiana. He challenges a disciplinary conviction of September 26, 2011.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

### *Facts Alleged and Procedural History*

Petitioner was convicted of violating Rule #1 and Rule #5 (Contraband and Aggravated Disobedience) on separate disciplinary reports. The disciplinary board combined the reports for sentencing purposes only and sentence Petitioner to forfeiture of 180 days of good time. His custody was changed to Maximum - Working Cellblock.

Petitioner appealed the disciplinary conviction and sentence to the warden and the DOC. At the time of filing this suit, the DOC had not yet ruled on Petitioner's appeal. However, a ruling

was rendered on April 10, 2012, after which Petitioner filed a civil rights suit in this court at Docket No. 12-cv-1735. The DOC Secretary determined that there was sufficient evidence for the Rule #5 violation, but insufficient evidence of the Rule #1 conviction. The DOC ordered that the Rule #1 conviction be expunged. However, the Secretary also determined that the sanctions imposed were nonetheless appropriate for the violation of Rule #5 alone. Thus, the sanction imposed was affirmed. [12-cv-1735, Doc. #1-2]

## *Law and Analysis*

A state inmate must exhaust all available state remedies before proceeding in federal court, unless circumstances exist which render the state corrective process ineffective to protect the prisoner's rights. See 28 U.S.C. §2254(b),(c), Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner. Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988).[1] Petitioner's administrative appeal was not decided until April 10, 2012, and this suit was filed on April 24, 2012. It is evident that Petitioner did not

---

[1] Under Louisiana law, inmates may seek judicial review of disciplinary action taken against him by filing suit in the Nineteenth Judicial District Court (19th JDC). See La. R.S.15:1177. If not satisfied, the inmate may seek discretionary review in the First Circuit Court of Appeals and then in the Louisiana Supreme Court. See La. Const. Art. 5, §§ 5 and 10.

exhaust state remedies.

### *Conclusion*

IT IS RECOMMENDED that the petition for writ of habeas corpus be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state remedies.

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglas v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

August 24, 2012

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE